IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**DARLENE BURRELL,**

    **Plaintiff,**

v.                                                                                          CIV. NO. 11-0393 DJS/RHS

**JOHN GREENE Individually and d/b/a
THUNDERBIRD HARLEY-DAVIDSON/BUELL
a sole proprietorship; HARLEY-DAVIDSON, INC.
a foreign corporation organized in Wisconsin and
doing business in New Mexico; HARLEY-DAVIDSON
MOTOR COMPANY, INC.** a foreign corporation
organized in Texas and doing business in New Mexico;
**SCOTT FISCHER ENTERPRISES, LLC** a foreign
corporation organized in Florida and doing business
in New Mexico; **MOTORSPORTS OF NEW MEXICO,
INC.** a foreign for profit corporation organized in Florida
and doing business in New Mexico; and **MOTORSPORTS
OF ALBUQUERQUE, LLC** a foreign limited liability
company organized in Florida and doing business in
New Mexico,

    **Defendants.**


## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Amend Complaint **[Doc. No. 34]** filed on September 27, 2011, and fully briefed on October 24, 2011. Plaintiff moves the Court for leave to file a Second Amended Complaint to add Motorcycle Safety Foundation, Inc., Frank Allen and Jeffrey Piper as named defendants. As grounds for her motion, Plaintiff contends the allegations and claims against Motorcycle Safety Foundation, Frank Allen and Jeffrey Piper arise from the same incident described in Plaintiff's First Amended Complaint. In addition, Plaintiff contends Motorcycle Safety Foundation, Frank Allen

and Jeffrey Piper are necessary parties to the incident that forms the basis for her Amended Complaint.

Defendants do not object to granting Plaintiff's motion to add Motorcycle Safety Foundation, Inc. as a defendant. However, Defendants object to Plaintiff adding Frank Allen and Jeffrey Piper as new defendants. Having reviewed the motion, the memoranda in support and in opposition and the applicable law, the Court finds that Plaintiff's motion is well taken and will be **GRANTED.**

## I. Discussion

Under Rule 15(a), a party may amend its pleadings once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) whichever is earlier. Fed.R.Civ.P. 15(a)(1)(A) &(B). Because Plaintiff has already amended her complaint once, she may only amend by leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) also directs the Court to "freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S.West., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Plaintiff contends that through recent depositions she discovered Jeffrey Piper and Frank Allen were independent contractors working for one or more of the originally named Defendants during all relevant and material times surrounding the incident alleged in her complaint. According to Plaintiff, Jeffrey Piper and Frank Allen were motorcycle safety instructors certified by Motorcycle Safety Foundation, Inc. Motorcycle Safety Foundation, Inc. supervised and/or

regulated Jeffrey Piper and Frank Allen in their efforts to train Plaintiff and also regulated the training range where the accident occurred.

Plaintiff argues these new proposed defendants had separate and non-delegable duties to ensure her safety while attempting to complete their motorcycle safety training program. Plaintiff also argues that each of these new defendants were acting in concert with all other Defendants as they jointly administered the motorcycle training course. Accordingly, Plaintiff argues these new proposed defendants should be held jointly and severally liable for her damages.

The depositions of Mr. Piper and Mr. Allen took place on September 13, 2011. Plaintiff filed this motion on September 27, 2011. Thus, there was no undue delay by Plaintiff in filing her motion for leave to amend. In addition, Plaintiff believed Mr. Piper and Mr. Allen were employees of Defendants and did not discover they were independent contractors until their depositions. Thus, Plaintiff could not have included them in her First Amended Complaint which was filed on August 24, 2011. Moreover, based on the facts alleged against these defendants in the Second Amended Complaint, it would not be futile to allow Plaintiff to amend her First Amended Complaint to add these defendants. Defendants also would not be unduly prejudiced by the addition of these proposed defendants.

Defendants contend Plaintiff is attempting to join Frank Allen and Jeffrey Piper "merely to defeat diversity jurisdiction and without any reasonable expectation that they will be separately liable to Plaintiff." Defs.' Resp. at 2 (Doc. No. 41).

"Diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." *Freeport-McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 428 (1991). "However, diversity jurisdiction will be destroyed if it is determined that the later-joined, non-

diverse party was indispensable to the action at the time it commenced." *Salt Lake Trubune Publishing Company v. AT & T Corp.,* 320 F.3d 1081, 1096 (10th Cir. 2003).  Thus, the Court must determine whether the proposed defendants were indispensable at the time Plaintiff filed her original complaint.

Whether a party is indispensable is determined by considering the factors set forth in Rule 19 of the Federal Rules of Civil Procedure.  Rule 19 provides:

> (a) Persons Required to Be Joined if Feasible
>
> (1) Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest, or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED.R.CIV.P. 19(a).

Under Rule 19(a), the absence of proposed defendants Frank Allen and Jeffrey Piper will not prevent the Court from according complete relief among those already parties to the case. Thus, proposed defendants Frank Allen and Jeffrey Piper are not necessary parties and thus not indispensable to the action. Accordingly, granting leave to amend to add Frank Allen and Jeffrey would not deprive the Court of subject-matter jurisdiction.

For the foregoing reasons, the Court will grant Plaintiff's motion.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint is **GRANTED.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**