IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARLENE BURRELL,

      **Plaintiff,**

vs.                                      **No. CIV 11-393 JP/RHS**

HARLEY DAVIDSON MOTOR COMPANY, INC.,
a foreign corporation organized in Texas and doing
business in New Mexico; MOTORSPORTS OF
ALBUQUERQUE, LLC, a foreign limited liability
company organized in Florida and doing business in
New Mexico; MOTORCYCLE SAFETY FOUNDATION,
INC., a foreign nonprofit corporation doing business in New
Mexico; FRANK ALLEN; and JEFFREY PIPER,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

In anticipation of trial, Plaintiff and Defendants have both submitted motions in limine to the Court.[1] After reviewing all of the briefs and hearing oral argument made to the Court at the pretrial conference on January 16, 2013,[2] the Court concludes as follows.

**A.**      **Plaintiff's Motions in Limine**

At the pretrial conference, the Court addressed two motions in limine filed by Plaintiff.[3]

---

[1]Defendants also filed two motions for leave to file motions in limine. *See* MOTION FOR LEAVE TO FILE MOTION IN LIMINE REGARDING FINANCIAL INFORMATION OF DEFENDANTS (Doc. No. 160); SECOND MOTION FOR LEAVE TO FILE MOTION IN LIMINE REGARDING PHOTOS OF PLAINTIFF OR MOTORCYCLE THAT ALSO SHOW ATTORNEYS (Doc. No. 165). At the pretrial conference, Defendants' attorney, Paul Yarbrough, confirmed that these motions for leave to file motions in limine are now moot. Therefore, the Court will deny the motions for leave as moot.

[2]Jesse Quackenbush and Brian Judson represented Plaintiff at the pretrial conference. Paul Yarbrough represented Defendants at the pretrial conference.

[3]Plaintiff also filed a third motion in limine, PLAINTIFF'S MOTION IN LIMINE REGARDING UNRELATED MEDICAL CARE OF PLAINTIFF (Doc. No. 150). However, at the pretrial conference, Mr. Quackenbush indicated that Plaintiff will withdraw this motion. Therefore, the Court will not address the motion in this ORDER and will consider it withdrawn.

Plaintiff's MOTION IN LIMINE TO LIMIT LAY WITNESS TESTIMONY TO

PERSONAL OBSERVATION (Doc. No. 148) ("Motion to Limit Lay Witness Testimony")

seeks to exclude certain testimony from witnesses identified by Defendants in the PRETRIAL

ORDER (Doc. No. 142). Plaintiff notes that these witnesses are "identified as [classmates] of

Plaintiff in the motorcycle class in which she was injured," and that their anticipated testimony is

described as being about "Plaintiff's participation in the class, her comments and observations,

and her performance during the range portion of the class," as well as about Plaintiff's accident.

*See* Motion to Limit Lay Witness Testimony at 2 (quoting PRETRIAL ORDER). Plaintiff argues

that Federal Rule of Evidence 701 "'does not permit a lay witness to express an opinion as to

matters which are beyond the realm of common experience and which require the special skill

and knowledge of an expert witness,'" so testimony by former classmates that would "critique . .

. Plaintiff's 'performance on the range' or . . . evaluat[e] . . . Plaintiff's motorcycling ability" is

inadmissible because such testimony requires expert knowledge. *Id.* (quoting *James River Ins.*

*Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011)).

Defendants respond that "Rule 701 . . . permits lay opinion testimony that has a rational

basis in perception and is helpful," as long as the lay witnesses' "opinions or inferences do not

require any specialized knowledge and could be reached by any ordinary person." RESPONSE

TO MOTION IN LIMINE TO LIMIT LAY WITNESS TESTIMONY TO PERSONAL

OBSERVATION (Doc. No. 164) ("Lay Witness Testimony Response") at 2 (citing *United*

*States v. Bush,* 405 F.3d 909, 915-916 (10th Cir. 2005); *LifeWise Master Funding v. Telebank,*

374 F.3d 917, 929 (10th Cir. 2004)). Defendants assert that the lay witnesses' testimony will

satisfy Rule 701's requirements because the testimony will be grounded in the witnesses' first-

hand observations of Plaintiff during the motorcycle safety class, it will help the jury understand

2

the circumstances of the class and Plaintiff's accident, and it requires no specialized knowledge. *See* Lay Witness Testimony Response at 2-3. Defendants represent that the lay witnesses will not provide an "expert instructional critique" of Plaintiff's riding ability, but will merely give "their personal observations and opinions as to what was happening during the class." *Id.* at 3. Plaintiff replies that any testimony about "Plaintiff's motorcycling ability requires specialized knowledge, i.e. knowledge of motorcycling," and because the proposed lay witnesses were, like Plaintiff, novice motorcycle riders, they could not have such specialized knowledge, so the testimony is not admissible under Rule 701. REPLY IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO LIMIT LAY WITNESS TESTIMONY TO PERSONAL OBSERVATION at 2. Plaintiff further emphasizes that she also seeks to exclude testimony by the fellow classmates about Plaintiff's "comments and observations" during the motorcycle safety course, on the ground that this testimony would be inadmissible hearsay under Federal Rules of Evidence 801 and 802. *Id.*

The Court will grant this motion in part and deny it in part. As the parties agree, Rule 701 permits opinion testimony by lay witnesses if the opinions (1) are "rationally based" on what the witness observed, (2) help the jury understand the witness's testimony or determine a fact in issue, and (3) do not require specialized knowledge covered by Federal Rule of Evidence 702. The Court agrees with Plaintiff that testimony by her former classmates about Plaintiff's aptitude for driving the motorcycle, whether she seemed clumsy as a driver or not, or her general skill on the course would violate Rule 701 because such observations require specialized knowledge that the witnesses, as beginning motorcycle drivers, could not have had when they observed Plaintiff. However, the witnesses may testify about their perception of Plaintiff's attitude or appearance during the course—whether she seemed agitated, frightened, or uncomfortable, or not—because such testimony does not require any specialized knowledge and may help the jury understand the

3

experience of the motorcycle safety course. Additionally, the witnesses' testimony about Plaintiff's relevant "comments and observations" during the class will be permitted. Such testimony is not hearsay, because under Federal Rule of Evidence 801(d)(2), Plaintiff's overheard comments are admissible as statements of an opposing party.

In Plaintiff's second motion in limine, she argues that the Court should exclude from evidence the liability waivers signed by Plaintiff prior to taking the motorcycle safety class. *See* PLAINTIFF'S MOTION IN LIMINE REGARDING LIABILITY WAIVERS (Doc. No. 149) ("Motion to Exclude Liability Waivers"). The Court previously held that the liability waivers are not enforceable under New Mexico law. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 144). In Plaintiff's view, the "law of the case" doctrine requires the Court now to exclude the liability waivers from evidence at trial. *See* Motion to Exclude Liability Waivers at 2 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). Plaintiff contends that introducing the liability waivers at trial will invite the jury to consider the waivers' validity, even though the Court already invalidated them, and that the waivers will thus confuse the jury in its consideration of the issues. *See* Motion to Exclude Liability Waivers at 3. Plaintiff does not believe that any limiting instruction would alleviate this confusion. *See id.*

Defendants respond that the Court's ruling in the MEMORANDUM OPINION AND ORDER was not a determination of the liability waivers' admissibility at trial, and that the liability waivers are relevant and admissible on the issues of comparative fault and of whether "Plaintiff had knowledge and notice of the potential risks of injury involved in learning to operate a motorcycle." DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING LIABILITY WAIVERS (Doc. No. 162) ("Liability Waiver Response") at 1. Defendants argue that because they have asserted comparative fault as an affirmative defense,

4

exclusion of the liability waivers, which are relevant to the matter of Plaintiff's knowledge of motorcycle riding's risks, would unfairly prejudice Defendants. *See id.* at 3. Plaintiff replies that it is she who will be prejudiced if the liability waivers are admitted into evidence, because the waivers will confuse the jury. *See* REPLY IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE REGARDING LIABILITY WAIVERS (Doc. No. 174) at 3. Plaintiff reiterates that no limiting instruction can cure this prejudice because the jury will place too much weight on the releases, which this Court already declared invalid. See id.

The Court will deny Plaintiff's Motion to Exclude Liability Waivers. The Court's prior ruling on the liability waivers' unenforceability under New Mexico law does not preclude admission of the waivers into evidence at trial. The jury should be allowed to see the liability releases because they are relevant to Plaintiff's knowledge of the risk and danger inherent in motorcycle riding and to the issue of comparative fault. However, when the liability waivers are presented to the jury, the Court will read a limiting instruction, agreed to by the parties, that will indicate for what purposes the jury may consider the waivers. Providing this kind of limiting instruction to the jury will minimize any confusion that introduction of the waivers may engender in the jury, and prevent unfair prejudice from harming Plaintiff's case.

**B.      Defendants' Motions in Limine**

Defendants filed five motions in limine. In DEFENDANTS' MOTION IN LIMINE (Doc. No. 154) ("Defendants' Motion in Limine"), Defendants raise seven separate issues. First, Defendants seek to prevent Plaintiff from recovering medical expenses that were written off by health care providers. *See* Defendants' Motion in Limine at 1-2. However, the parties now represent to the Court that they have agreed to stipulate to the amount of reasonable and necessary medical records, thereby removing the need to present evidence on the issue or for the

Court to consider it further. The Court will therefore deny this portion of Defendants' Motion in Limine as moot. The next section of Defendants' Motion in Limine seeks to exclude certain medical bills from Dr. B.J. Davis. *See id.* at 5. But Plaintiff's counsel has repeatedly assured the Court and Defendants that Plaintiff will not seek to introduce any medical bills from Dr. Davis.[4] As a result, the Court will deny as moot this part of Defendants' Motion in Limine as well.

Defendants also seek to exclude testimony about other accidents in motorcycle safety courses when the other accidents (1) were at locations other than where Plaintiff was injured; (2) occurred more than five years prior to Plaintiff's accident; and (3) were not substantially similar to Plaintiff's accident in multiple ways. *See id.* Defendants note that United States Magistrate Judge Robert Hayes Scott earlier ruled that one of Plaintiff's original discovery requests, for "incident reports and/or accident reports which relate in any way to motorcycle accidents by Riders Edge students at Thunderbird Harley-Davidson between 2005 and September 2011," was overly broad. *See id.* (quoting ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL (Doc. No. 132) ("Discovery Order") at 2). Magistrate Judge Scott only required Defendants to produce records of accident or incident reports from "Riders Edge or New Riders Course motorcycling training at Thunderbird-Harley Davidson since January 1, 2006," a date five years before Plaintiff's accident. Discovery Order at 2.

Defendants ask this Court to give effect to Magistrate Judge Scott's ruling because, in Defendants' view, "[e]vidence of other accidents occurring more than five years prior to or at any time after Plaintiff's accident and at locations other than Thunderbird Harley-Davidson is irrelevant, immaterial, a waste of time, and likely to confuse the issues" in violation of Federal

---

[4]As noted below, Plaintiff still plans to call Dr. Davis to testify at trial, but his testimony will be about the medical conditions for which he treated Plaintiff, and not about medical bills.

Rules of Evidence 401 and 403. Defendants' Motion in Limine at 6. Defendants also contend that Plaintiff aims to "use other accident testimony to demonstrate that Defendants knew the Rider's Edge program was dangerous yet permitted Plaintiff to participate in it anyway," and ask the Court to apply the "substantially similar" doctrine from products liability jurisprudence, to foreclose Plaintiff from using dissimilar incidents to make this demonstration. *Id.* at 6-7 (quoting *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987)). Defendants believe that Plaintiff's case is analogous to a products liability case, so that requiring Plaintiff's "[e]vidence proffered to illustrate the existence of a dangerous condition [to have] a high degree of similarity because it weighs directly on the ultimate issue to be decided by the jury" is proper. Defendants' Motion in Limine at 7 (quoting *United States Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*, 582 F.3d 1131, 1148 (10th Cir. 2009)). At the pretrial conference, Mr. Yarbrough clarified that Defendants believe "substantially similarity" should mean that any prior accidents testified to must have involved (1) loss of control (2) by an individual who was not fit (too short and/or too overweight) (3) resulting in the individual running off the course and striking an object (4) and injury, as well as the time and location similarities.

Plaintiff responds that even if the *Ponder* test is proper here, Plaintiff plans to use the other accident evidence to prove Defendants' "notice or awareness of the dangerousness" of the motorcycle safety course, and so "the rule of substantial similarity should be relaxed," with any differences between the other accidents and Plaintiff's accident just going to the weight of the evidence. PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE (Doc. No. 170) ("Motion in Limine Response") at 6 (citing *Ponder*, 834 F.2d at 1560). In Plaintiff's view, her proposed evidence of prior accidents satisfies the *Ponder* test both because the "incidents show, clearly, that Defendants were aware of the dangers of the Riders Edge© course, yet did

7

nothing about it." Motion in Limine Response at 5. Furthermore, because Plaintiff is seeking punitive damages, Plaintiff contends that evidence of the past accidents will show Defendants' "reckless disregard" of safety despite their knowledge of the dangers involved in the motorcycle safety course. Motion in Limine Response at 5. Defendants reply that Plaintiff does not address *Ponder*'s requirement of substantial similarity. DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE (Doc. No. 172) ("Motion in Limine Reply") at 5-6. Defendants assert that because Plaintiff plans to use the other accident evidence to try to prove that the motorcycle safety course was dangerous (and not simply that Defendants had notice of the other accidents), those other accidents must, under *Ponder*, be highly similar to Plaintiff's. *See id.* at 5. Defendants also note that Plaintiff's Motion in Limine Response did not address Defendants' argument that evidence of accidents postdating Plaintiff's accident should be excluded, and ask the Court to conclude in Defendants' favor on the issue as a result. *See id*.

After considering the arguments and reviewing Plaintiff's THIRD AMENDED FACT AND EXPERT WITNESS LIST (Doc. No. 219) ("Plaintiff's Third Witness List"), the Court at the pretrial conference instructed Plaintiff's counsel to select five witnesses from the thirty-two witnesses identified in Plaintiff's Third Witness List as possibly testifying about prior accidents. *See* CLERK'S MINUTES FOR PROCEEDINGS HELD BEFORE DISTRICT JUDGE JAMES A. PARKER: PRETRIAL CONFERENCE (Doc. No. 222) ("Pretrial Conference Minutes"). The witnesses selected must have had accidents at the range where Plaintiff had her accident, no more than five years before Plaintiff's accident occurred. However, although the Court advised Plaintiff's counsel at the pretrial conference that they would be well advised to present only other accidents that are as similar as possible to Plaintiff's accident, the Court will not require the other accidents presented to be similar to Plaintiff's in every way proposed by Defendants.

8

That kind of extreme similarity is not necessary under the circumstances to minimize unfair prejudice to Defendants by ensuring that the other accident testimony is relevant and helpful to the jury. The Court will also permit Plaintiff to present evidence of an accident that occurred shortly after Plaintiff's accident, as such an accident fits, like the evidence of earlier accidents, within Rule 403's requirements. Finally, the Court will permit Plaintiff's expert witnesses, who have extensive knowledge of the motorcycle safety program, to be questioned about accidents that occurred more than five years before Plaintiff's accident. Such evidence, if given upon a proper foundation, is relevant and properly within the remit of expert testimony under Rule 702. The Court thus denies in part and grants in part this segment of Defendants' Motion in Limine.

Next, Defendants seek to exclude certain photographs and video evidence. *See id.* at 7-10. First, Defendants seek to exclude certain photographs that they assert are unnecessarily gruesome or graphic. *See id.* But at the pretrial conference, the parties noted that they have now agreed on certain photographs to be introduced, thereby rendering this portion of the Motion in Limine moot. Defendants also seek to exclude photographs of Plaintiff seated on the Buell Blast at her deposition because "these photographs do not accurately reflect Plaintiff's riding posture on the motorcycle at the time of the accident or her ability to touch her feet to the ground while seated on the Buell Blast at the time of the accident and, concomitantly, her ability to balance the motorcycle." *Id.* at 9. At the pretrial conference, the parties explained that in one of the sets of photographs, Plaintiff was not wearing the same shoes she wore on the day of the accident; in the other set, she did wear the same shoes she wore on the day of the accident. Plaintiffs would seek to introduce the latter set of photographs. However, because Plaintiff intends to bring the motorcycle itself to the trial and sit on it in the jury's view, the Court will reserve ruling on the admissibility of this set of photographs until trial, when the Court can better determine whether

9

introduction of the photographs would be needlessly cumulative in violation of Rule 403.

Defendants also seek to exclude video footage taken by Plaintiff's private investigator at a motorcycle safety course at the same range where Plaintiff's accident occurred, sometime after Plaintiff's accident. *See id.* at 10. Defendants contend that such video is irrelevant in violation of Federal Rule of Evidence 401, and would also confuse the issues in violation of Rule 403. *See id.* Because both parties will be presenting numerous photographs of the training course range where Plaintiff had her accident, the Court will reserve ruling on the video's admissibility until those other photographs are admitted and it can be determined at trial whether introduction of the video would be needlessly cumulative in violation of Rule 403.

Finally, Defendants seek to exclude (1) testimony from Plaintiff's medical providers that is not based upon a reasonable degree of medical probability; (2) reports by Plaintiff's expert witnesses, James Davis and John Laughlin; and (3) evidence relating to what Defendants would or would not produce in connection with discovery disputes. *See id.* at 10-12. However, the parties have now represented to the Court that, some time after Defendants filed Defendants' Motion in Limine, the parties came to an agreement on all three matters. Therefore, the Court will deny these components of Defendants' Motion in Limine as moot. As a result, the Motion in Limine as a whole will be granted in part and denied in part, and ruling will be reserved in part.

Defendants also filed two motions to strike witnesses listed in Plaintiff's witness lists. Defendants filed a MOTION TO STRIKE PLAINTIFF'S UNIDENTIFIED WITNESSES (Doc. No. 177) as well as a MOTION TO STRIKE PLAINTIFF'S INADEQUATELY DISCLOSED WITNESSES (Doc. No. 189) (collectively, "Motions to Strike"). However, after Defendants filed these Motions to Strike, Plaintiff filed both a SECOND AMENDED FACT AND EXPERT WITNESS LIST (Doc. No. 200) and Plaintiff's Third Witness List. At the pretrial conference,

Mr. Yarbrough agreed that the changes in these new witness lists render the Motions to Strike moot. Therefore, the Court will deny the Motions to Strike as moot.

Finally, Defendants filed a MOTION STRIKE PLAINTIFF'S THIRD AMENDED FACT AND EXPERT WITNESS LIST (Doc. No. 221) ("Motion to Strike Plaintiff's Third Witness List"). Defendants argue that Plaintiff's Third Witness List "identifie[s] a staggeringly large number of witnesses, wildly disproportionate to the issues in this case, overwhelmingly cumulative and vague in testimonial subject matter, and highly prejudicial to the Defendants." Motion to Strike Plaintiff's Third Witness List at 1. Defendants ask that the Court exclude thirty-three of the witnesses listed on Plaintiff's Third Witness list as "possible" witnesses, because Defendants assert that those witnesses' testimony has been inadequately disclosed. *See id.* at 3. However, as noted above, the Court has ordered Plaintiff's counsel to select five witnesses whom Plaintiff will actually call at trial, and to disclose those five witnesses to Defendants by January 30, 2013 so that Defendants will have an opportunity to depose them or prepare for their testimony. *See* Pretrial Conference Minutes. Because the Court's order adequately addresses the concerns raised by Defendants about disclosure and cumulative testimony, the Court will deny this part of the Motion to Strike Plaintiff's Third Witness List as moot.

Defendants also ask that the Court strike four other witnesses named on Plaintiff's Third Witness List. First, Defendants assert that Plaintiff's counsel previously represented that Dr. B.J. Davis would not testify, but Dr. Davis is now included in Plaintiff's Third Witness List. *See* Motion to Strike Plaintiff's Third Witness List at 5. At the pretrial conference, Mr. Quackenbush responded that he never indicated that Dr. Davis would not be called at all, only that he would not be called on the issue of medical bills. Defendants nonetheless request that the Court strike Dr. Davis on the basis that his re-addition as a named witness is late and unfairly prejudicial to

11

Defendants. *See* Motion to Strike Plaintiff's Third Witness List at 3, 5. However, Defendants were able to take Dr. Davis' deposition during the discovery period, so the Court will deny this part of the Motion to Strike Plaintiff's Third Witness List, because allowing Dr. Davis to testify will not unfairly prejudice Defendants.

Defendants also note that Plaintiff's Third Witness List added a new witness, Clyde Fessler, and ask that he be stricken for late disclosure. *See id.* at 3, 5. Similarly, Defendants ask the Court to strike Luann Robinson and Darren Dewhirst as witnesses for late disclosure and improperly vague witness summaries. *See id.* at 5. Plaintiffs have not yet responded to the Motion to Strike Plaintiff's Third Witness List, but at the pretrial conference the Court instructed the parties to try to come to an agreement to reopen discovery so that each side would have an opportunity to depose these late-disclosed witnesses, among others, or else to file a motion to reopen discovery. *See* Pretrial Conference Minutes. The Court will reserve ruling on whether these three witnesses may testify until after the parties have had an opportunity to attempt to reopen discovery and interview or depose the witnesses. Therefore, the Motion to Strike Plaintiff's Third Witness List will be denied in part and ruling will be reserved in part.

**IT IS ORDERED THAT:**

(1) Plaintiff's MOTION IN LIMINE TO LIMIT LAY WITNESS TESTIMONY TO PERSONAL OBSERVATION (Doc. No. 148) is GRANTED IN PART AND DENIED IN PART.

(2) Plaintiff's MOTION IN LIMINE REGARDING LIABILITY WAIVERS (Doc. No. 149) is DENIED.

(3) Plaintiff's MOTION IN LIMINE REGARDING UNRELATED MEDICAL CARE

OF PLAINTIFF (Doc. No. 150) is withdrawn.

(4) Defendants' MOTION IN LIMINE (Doc. No. 154) is GRANTED IN PART AND DENIED IN PART.

(5) Defendants' MOTION FOR LEAVE TO FILE MOTION IN LIMINE REGARDING FINANCIAL INFORMATION OF DEFENDANTS (Doc. No. 160) is DENIED as moot.

(6) Defendants' SECOND MOTION FOR LEAVE TO FILE MOTION IN LIMINE REGARDING PHOTOS OF PLAINTIFF OR MOTORCYCLE THAT ALSO SHOW ATTORNEYS (Doc. No. 165) is DENIED as moot.

(7) Defendants' MOTION TO STRIKE PLAINTIFF'S UNIDENTIFIED WITNESSES (Doc. No. 177) is DENIED as moot.

(8) Defendants' MOTION TO STRIKE PLAINTIFF'S INADEQUATELY DISCLOSED WITNESSES (Doc. No. 189) is DENIED as moot.

(9) Defendants' MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED FACT AND EXPERT WITNESS LIST AND MEMORANDUM IN SUPPORT (Doc. No. 221) is DENIED IN PART AND RULING IS RESERVED IN PART.

_____
SENIOR UNITED STATES DISTRICT JUDGE